[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
On June 24, 1996 the court heard this application. The parties submitted the following questions to the arbitrator:
"Did UCHC violate Article 18, Section Eight in its equalization obligations with its HVAC unit for the period ending June 30, 1992?
If so, what shall be the remedy consistent with the provisions of the NP-2 contract?"
He had hearings and on June 19, 1995 made the following award:
"AWARD
The University of Connecticut Health Center violated Article 18, Section Eight in its equalization obligations with its HVAC nit for the period ending June 30, 1992. CT Page 5256-H
The Center shall cease and desist from considering "Phoned No Response" in its equalization figures and shall discuss and reach agreement with the Union regarding an appropriate process of ensuring responses from employees to whom overtime is offered.
As remedy for the contract violation found herein, the Center shall provide additional overtime opportunities during the period July 1 — December 31, 1995, to those employees who were given disproportionately fewer overtime opportunities, in order to equalize overtime opportunities for these employees."
The award comes in at least three parts. The first part is the first paragraph of the award which finds plaintiff in violation of "Article 28, Section Eight in its equalization obligations with its HVAC unit for the period ending June 30, 1992." That period began January 1, 1992.
The second part of the award is in the second paragraph of the award which enters a "cease and desist" order in regard to the use of a "Phoned No Response" category in its equalization figures.[1]
The third part of the award is the third paragraph of the award which orders plaintiff to provide added overtime chances in "the period July 1-December 31, 1995" to some employees.
The arbitration lists ten employees as being in the HVAC unit. The arbitrator lists their periods of availability from which the court makes the following rough calculations. Employee Amodeo was available in the unit for 27 work days; Brault was available for 13 work days; Dickens was available for 26 work days; Oliver was available for 23 work days; and Yarincik was available for 94 work days. The arbitrator makes no use of the limited availability of those five unit members.
The plaintiff argued to the arbitrator that Article 28, Section Eight prohibits the union's suggested remedy of giving employees "the opportunity to make up the difference in overtime hours." The basis for this plaintiff's argument is the language in the fifth paragraph of Section Eight which reads as follows: "There shall be no basis for any employee claim for compensation in any form for hours not worked." The arbitrator almost addresses this when he says on page 10 of his discussion. "The Agreement prohibits employees receiving overtime compensation for CT Page 5256-I hours they did not work." Of course, what the agreement does say, among other things, is that employees cannot claim compensation in any form, including overtime, for hours not worked.
It is now to be the chore of plaintiff to provide "additional overtime opportunities . . . to those employees who were given disproportionately fewer opportunities, in order to equalize overtime opportunities for these (sic) employees."
In regard to finality there are two problems with that remedy. First, how is the plaintiff to measure prior disproportionate opportunities? Is the plaintiff allowed to use its system including "Phoned No Response" or is the plaintiff to totally ignore those records?
The arbitrator says he will provide no definition of "reasonable equalization." His award suggests that without any criteria the plaintiff is to arrive at equalization. The second problem is that at least five employees in the unit have been unavailable for any work for long periods. The arbitrator makes no award that would indicate how they are to be treated.
The defendant says that anyone familiar with employment agreements, rates and worker's records can easily arrive at equalization. If it is so easy then the defendant could have easily put the appropriate evidence before the arbitrator so that he could award a remedy from the ten or fewer people who might be entitled to it. If it is so easy the arbitrator could have easily done it. But in fact the arbitrator never got the evidence to arrive at the equalization remedy and the arbitrator never rendered a final and definite award of remedy. C.G.S. §52-418(a)(4).
Application to vacate is granted.
N. O'Neill, J.